UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDREW F. LESTER, JR., | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:24-CV-217-TLS-APR |
| MISHAWAKA POLICE DEPARTMENT, | |
| Defendant. | |

**OPINION AND ORDER**

Andrew F. Lester, Jr., a prisoner without a lawyer, filed a complaint. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lester alleges that on August 30, 2023, an officer of the Mishawaka Police Department approached him and said there was a warrant for his arrest for a parole violation. Lester was arrested and spent twelve days in jail. On September 11, 2023, Lester's defense attorney told him that he could not find a record of a warrant.

The probable cause affidavit in cause number 71D01-2309-F5-000323 indicates that, on August 30, 2023, officers were dispatched after a report of a motorcycle racing on the street.[1] Officers found Lester on the side of the road in the area where the racing was reported. He was

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

working on a broken-down motorcycle. Officers observed that there was no license plate on the motorcycle and approached Lester. He consented to a pat-down search and indicated he had a gun. The gun was located and, because he had previously been convicted of a felony, he was arrested. The probable cause affidavit further indicates that Lester was on probation at the time of his arrest.

Unreasonable searches and seizures are prohibited by the Fourth Amendment. *Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021). However, not all warrantless seizures or searches are considered unreasonable. For example, "[a] limited intrusion into an individual's privacy is permitted under the Fourth Amendment where the police have reasonable suspicion to believe criminal activity is afoot." *United States v. Richmond*, 924 F.3d 404, 411 (7th Cir. 2019) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). Such reasonable suspicion "permits the officer to stop the person for a brief time and take additional steps to investigate further." *Hiibel v. Sixth Jud. Dist. Ct. of Nevada, Humboldt Cnty.*, 542 U.S. 177, 185 (2004). *Terry* stops can apply to pedestrians as well as those in vehicles. *See Richmond*, 924 F.3d at 409–11. Reasonable suspicion must be evaluated based on the totality of the circumstances, and it "requires more than a hunch but less than probable cause." *Id.* at 411 (citation omitted).

Furthermore, it is well-settled that "[p]robable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 Fed. App'x 612, 615 (7th Cir. 2019) ("[P]robable cause is an absolute defense to claims under section 1983 against police officers for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention."). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient

to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (cleaned up); *see also Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010) ("[P]robable cause is a common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred.").

Here, Lester seems to assert that his arrest was unlawful because there was not a warrant for his arrest. However, he has not addressed the circumstances giving rise to his arrest. He has not asserted that the officers lacked probable cause to arrest him, and the state court record suggests that there was probable cause for his arrest. If the probable cause affidavit is truthful, a warrant was not necessary for his arrest and his complaint does not state a claim.

Furthermore, it would be futile to allow Lester to attempt to amend his complaint because there is another problem. On February 22, 2024, Lester was found guilty under cause number 71D01-2309-F5-000323 of Unlawful Carrying of a Handgun, a Level 5 Felony, pursuant to a plea agreement.

> In *Heck v. Humphrey,* 512 U.S. 477, 487 (1994), this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

*Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (cleaned up). A finding that Lester's arrest for possessing a firearm on August 30, 2023, was unlawful would be inconsistent with his guilty plea. Thus, even if Lester had stated a claim, he could not proceed until his conviction is overturned.

In short, to the extent Lester might have a claim for monetary damages stemming from his August 30, 2023, arrest, it is not yet ripe. Furthermore, it was frivolous to challenge the

lawfulness of his arrest after pleading guilty and before the conviction was set aside. Thus, the Court dismisses this claim as frivolous but without prejudice to Lester's right to refile it if he is able to have his conviction vacated in a separate proceeding.

For these reasons, the Court hereby DISMISSES this case without prejudice as frivolous under 28 U.S.C. § 1915A.

SO ORDERED on June 11, 2024.

                              s/ Theresa L. Springmann
                              JUDGE THERESA L. SPRINGMANN
                              UNITED STATES DISTRICT COURT